# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00548-CV

**Mary E. White, Appellant**

**v.**

**New Jersey Department of Human Services, Appellee**

FROM THE UNION COUNTY DEPARTMENT OF HUMAN SERVICES
OF PLAINFIELD, NEW JERSEY
NO. CO53511, CHARLES J. GILLON, DIRECTOR OF WELFARE

## M E M O R A N D U M   O P I N I O N

Appellant Mary E. White filed a notice of appeal complaining of various actions by the New Jersey Department of Human Services, alleging violations of her civil rights. This Court sent Ms. White a letter stating that we believed we lacked jurisdiction over her complaints. Ms. White responded by letter, asserting that we could exercise jurisdiction under the Full Faith and Credit clause of the federal constitution, *see* U.S. Const. art. IV, § 1; because we are a superior tribunal to the Social Security Administration; and because she could not receive a fair hearing in the forums of New Jersey. She further asserted that we could exercise "'general' jurisdiction to hear almost all matters." We disagree.

We have general civil jurisdiction over "all civil cases" in which the amount in controversy exceeds $250, but only when the case is "within [our] district." Tex. Gov't Code Ann. § 22.220(a) (West Supp. 2010); *see also* Tex. Gov't Code Ann. § 22.220(d) (listing counties within

Third Court's district) (West Supp. 2010). Ms. White's complaints are not related to Texas at all, much less actions or decisions by a trial court within our geographical district. Thus, we lack jurisdiction over her complaints and must dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed:   November 3, 2011

2